UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JODY KRAUS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-3670** |
| **BANKERS INSURANCE SERVICES, INC.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by defendants Bankers Insurance Services, Inc. and Bankers Specialty Insurance Company ("Bankers Specialty") (collectively, "defendants"). Plaintiff Jody Kraus ("plaintiff") opposes the motion.[2] Defendants filed a reply.[3] For the reasons set forth below, the Court grants defendants' motion.

### I. BACKGROUND

This matter arises from damage to plaintiff's property caused by Hurricane Ida.[4] Plaintiff alleges that her property was subject to an insurance policy issued by defendants and that defendants failed to make timely and adequate payments pursuant to that policy.[5] Plaintiff asserts that defendants are liable for breach of contract and statutory penalties pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.[6]

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 28.
[3] R. Doc. No. 30.
[4] R. Doc. No. 19, ¶ 10.
[5] *Id.* ¶¶ 7, 18.
[6] *Id.* ¶¶ 19–35.

1

In her amended complaint, plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000.[7] The complaint asserts that plaintiff is a citizen of Louisiana and defendants are citizens of Florida because they are incorporated in Florida and have their principal places of business there.[8]

In their motion to dismiss, defendants argue that this Court lacks federal subject matter jurisdiction because there is not diversity of citizenship as Bankers Specialty is a citizen of Louisiana.[9] Defendants state that Bankers Specialty was incorporated in Louisiana in 2007 and therefore, regardless of Bankers Specialty's principal place of business, Bankers Specialty is a citizen of Louisiana.[10] In support of their motion, defendants submitted an affidavit from an employee of Bankers Insurance Group stating that Bankers Specialty is domiciled in Louisiana,[11] a Louisiana Department of Insurance webpage listing Bankers Specialty's domicile as Louisiana,[12] Bankers Specialty's articles of incorporation filed pursuant to Louisiana law,[13] and an amendment to Article X of the Bankers Specialty's articles of

---

[7] *Id.* ¶ 4.
[8] *Id.*
[9] *See generally* R. Doc. No. 23.
[10] R. Doc. No. 23-1, at 5.
[11] R. Doc. No. 23-5.
[12] R. Doc. No. 23-7.
[13] R. Doc. Nos. 23-9, 23-10.

incorporation, which concerns officers and directors, approved by the Louisiana Commissioner of Insurance in 2017.[14]

In response, plaintiff argues that defendants' affidavit is not based on personal knowledge and contains impermissible legal conclusions.[15] Additionally, plaintiff argues that more discovery is needed to determine the nerve center of Bankers Specialty.[16] Finally, plaintiff suggests that, if there is no federal jurisdiction, this matter should be remanded or transferred to Louisiana state court.[17]

## II. STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Rule 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record;

---

[14] R. Doc. No. 23-12.
[15] R. Doc. No. 28, at 3–4.
[16] *Id.* at 5.
[17] *Id.* at 7.

or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III.   ANALYSIS

Diversity jurisdiction requires complete diversity of citizenship of the named parties and an amount in controversy that exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332(c), "a corporation is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business." *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987).

As mentioned, defendants argue that diversity jurisdiction does not exist because both plaintiff and Bankers Specialty are citizens of Louisiana. Because plaintiff asserts that this Court has federal subject matter jurisdiction, plaintiff bears the burden of proof for purposes of deciding defendants' Rule 12(b)(1) motion. *See Ramming*, 281 F.3d at 161.

Plaintiff suggests that defendants have not demonstrated that Bankers Specialty's principal place of business or nerve center is located in Louisiana. Additionally, plaintiff argues that more time is needed to conduct discovery to determine Bankers Specialty's principal place of business. However, defendants

4

presented evidence showing that Bankers Specialty is a citizen of Louisiana based on its state of incorporation, not its principal place of business. As stated, a corporation is a citizen of *both* the state of its incorporation and the state of its principal place of business. *J.A. Olson Co.*, 818 F.2d at 404. Therefore, if Bankers Specialty is incorporated in Louisiana, diversity jurisdiction does not exist regardless of where Bankers Specialty has its principal place of business.

Defendants challenged plaintiff's assertion that Bankers Specialty was incorporated in Florida by submitting Bankers Specialty's articles of incorporation, which show that it was incorporated in Louisiana. Plaintiff argues that defendants' evidence of incorporation is insufficient to demonstrate Bankers Specialty was incorporated in Louisiana. More specifically, plaintiff asserts that Bankers Specialty's articles of incorporation could have been updated since they were filed in 2007.[18] However, plaintiff does not appear to dispute that Bankers Specialty was incorporated in Louisiana in 2007. Because plaintiff's complaint asserts that Bankers Specialty was incorporated in Florida and defendants have refuted that assertion with Bankers Specialty's articles of incorporation, plaintiff bears the burden of submitting evidence demonstrating that Bankers Specialty was not incorporated in Louisiana or that it was reincorporated in Florida. *See Hertz Corp. v. Friend*, 559 U.S. 77, 97–98 (2010) ("When challenged on allegations of jurisdictional facts, the parties

---

[18] *Id.* at 7.

must support their allegations by competent proof."). Therefore, plaintiff has not satisfied her burden.[19]

Plaintiff suggests that if the Court determines that it does not have jurisdiction, it should remand or transfer the case to state court. However, remand is not appropriate as this case was originally filed in federal court. *See* 28 U.S.C. § 1447 (discussing a court's power to remand a case to the court from which it was removed).

Additionally, a transfer of the case to state court pursuant to 28 U.S.C. § 1404(a) is not appropriate as this section governs the transfer of cases from one federal district to another federal district. *See* 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) ("Th[e] transfer power is, however, expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'"); *Pope v. Atl. Coast Line R. Co.*, 345 U.S. 379, 384 (1953) ("Section 1404(a), by its very terms, speaks to federal courts; it addresses itself only to that federal forum in which a lawsuit has been initiated; its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court. It does not speak to state courts. . .").

---

[19] Plaintiff also argues that defendants' affidavit is impermissible pursuant to Federal Rule of Civil Procedure 56(c)(4). Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." However, a motion for summary judgment is not presently before the Court. Regardless, the Court need not address whether the affidavit is admissible to decide the motion to dismiss because the Court relies on the articles of incorporation submitted by defendants to analyze the citizenship of Bankers Specialty.

Because this Court has determined that it lacks subject matter jurisdiction, "the [C]ourt must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3).

Defendants suggest that, if the Court dismisses this action, plaintiff should bear the costs.[20] Pursuant to 28 U.S.C. § 1919, district courts may order the payment of "just costs" when an action is dismissed for want of jurisdiction. "Orders under this statute are purely *permissive*." *Religious Tech. Ctr. v. Liebreich*, 98 F. App'x 979, 987 (5th Cir. 2004) (emphasis in original). The Court in its discretion declines to order plaintiff to pay costs.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED.** Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants' request that plaintiff be ordered to pay costs is **DENIED**.

New Orleans, Louisiana, March 7, 2024.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. No. 23, at 1.